IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CASE NO. 1:15-CR-96-SA

CHRIS EUGENE COSNER

MEMORANDUM OPINION

After a jury trial, Chris Eugene Cosner was convicted of two counts, one for armed bank robbery under 18 U.S.C. §2113(a) and (d), and a second for brandishing a firearm in relation to a crime of violence under 18 U.S.C. §924(c)(1)(A)(ii). Cosner, who is in federal custody awaiting sentencing, now moves to have the verdict against him as to the second count set aside on constitutional grounds. *See* [40].

In *Johnson v. United States*, —— U.S. ——, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the Armed Career Criminal Act's residual clause and definition of "violent felony" unconstitutionally vague. *Id.* 135 S. Ct. 2551, 192 L. Ed. 2d 569 (citing 18 U.S.C. § 924(e)(2)(B)(ii). Cosner argues that the *Johnson* decision should extend to the similarly worded residual clause and definition of "crime of violence" contained in the statute under which he was convicted, §924(c)(3)(B).

Cosner also argues, in objecting to the presentence report, that the *Johnson* decision should extend to similarly worded residual clause definition contained in the sentencing guidelines that may be applicable in this case, U.S.S.G. §4B1.1, §4B1.2.

On September 15, 2016, the Court held a hearing on these issues and denied the requested relief.

*Discussion and Analysis: 18 U.S.C. §924(c)*

Cosner was convicted of using a firearm in relation to a crime of violence under 18 U.S.C. §924(c)(1)(A). §924(c)(3) defines "crime of violence":

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

§924(c)(3)(A) is commonly referred to as the elements clause, and §924(c)(3)(B) is commonly referred to as the residual clause.

Cosner first argues that his conviction under §924(c) must be vacated because the residual clause of §924(c)(3)(B) that defines a "crime of violence", is unconstitutionally vague under *Johnson*. That is not the law in the Fifth Circuit. In the case of *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016) a reported, per curiam opinion, the Fifth Circuit clearly announced its stance on this issue. "*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, ––– U.S. ––––, 136 S. Ct. 1257, 1264–65, 194 L. Ed. 2d 387 (2016). However, *Johnson* did not address section 924(c)(3)(B)." *In re Fields*, 826 F.3d at 786 (5th Cir. 2016). In a recent *en banc* opinion, *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5,

2016), the Fifth Circuit held that 18 U.S.C. §16(b), which is worded identically to §924(c)(3)(B), is likewise not unconstitutionally vague.[1]

Cosner's underlying offense conviction under §2113(a) and (d) qualifies as a crime of violence under the elements clause of §924(c)(A) the residual clause of §924(c) was unconstitutional under *Johnson*,. *See United States v. Taylor*, No. CV H-16-1699, 2016 WL 3346543, at *2 (S.D. Tex. June 16, 2016) (holding aggravated bank robbery falls within the definition of a "crime of violence" under § 924(c)(3)(A)) (citing *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998)).

Courts use the categorical approach to determine whether a prior conviction qualifies as a crime of violence under the elements clause. *See Beckworth v. United States*, No. 4:12CR88, 2016 WL 4203510, at *3–4 (N.D. Miss. Aug. 9, 2016) (citing *Taylor v. United*, 495 U.S. 575, 577-578, 110 S. Ct. 2143, 2147, 109 L. Ed. 2d 607 (1990)). The categorical approach looks at the fact of conviction and the statutory definition of the offense, rather than the underlying conduct by the defendant, to determine whether the offense contains an element involving the use of force. *See, e.g., United States v. Dominguez*, 479 F.3d 345, 347 (5th Cir. 2007). The Fifth Circuit has held:

> [W]hen applying the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood" that triggers the sentencing enhancement. "If the [offense of conviction] has the same elements as the 'generic' ... crime [in the sentencing enhancement], then the prior conviction can serve as [the] predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily ... guilty of all the [generic crime's] elements.' "

---

[1] (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. §16(b).

3

*United States v. Schofield*, 802 F.3d 722, 727–28 (5th Cir. 2015) (citations omitted) (*Descamps v. United States*, — U.S. —, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013))

In *Johnson*, the Supreme Court clarified that in order for a statute to qualify under the elements clause, the statute must have an element of "physical force," that is, "violent force" *capable* of causing physical pain or injury to another person. *Beckworth* 2016 WL 4203510, at *3–4 (citing *Johnson*, 559 U.S. at 140, 135 S. Ct. 2551, 192 L. Ed. 2d 569) (emphasis added).

Following the categorical approach, the statute relevant to Cosner's underlying offense states: "Whoever, by force and violence, or by intimidation, takes, or attempts to take. . ." and "[w]hoever, in committing, [. . .] any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device. . .".[2] 18 U.S.C. §2331(d).

The elements clause of §924(c)(3)(A) states: "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and [] has as an element the use, attempted use, or threatened use of physical force against the person or property of another. . . ."

Comparing the elements of the underlying offense with the elements of the generic offense definition clearly demonstrates that Cosner's conviction on the underlying offense

---

[2] Because Cosner was convicted under subparts (a) and (d) his argument that the Court must look to the least culpable conduct possible under the statute, referring to the potential for conviction for "intimidation", is not well taken. Subpart (d) clearly contains the essential element of physical violence. Cosner also argues, mistakenly, that a finding that federal law bank robbery is not a crime of violence under § 924(c) is consistent with the Fifth Circuit's holdings in *United States v. Dentler*, 492 F.3d 306, 313 (5th Cir. 2007) (citation omitted) (holding that bank robbery under the second paragraph of § 2113(a) does not meet the crime of violence definitions in U.S.S.G. § 4B1.2(a) or 18 U.S.C. § 924(c)).

The Court in *United States v. Dentler*, 492 F.3d 306, 313 (5th Cir. 2007) and *United States v. Jones*, 993 F.2d 58, 62 (5th Cir. 1993) held that a conviction for *attempted* bank robbery under paragraph two of §2113(a) is not a conviction of a crime of violence for purposes of §924(c) because the offense of attempted bank robbery does not contain the "essential element of violence".

In contrast, Cosner was convicted under paragraph one of §2113(a) *and* (d). Assuming, for the sake of argument, that paragraph one of §2213(a) does not contain the essential element of violence, subpart (d) clearly does. *See* 18 U.S.C. § 2113(d) (stating "[w]hoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device. . .").

qualifies as a "crime of violence" under the elements clause. The statutory element "assaults any person, or puts in jeopardy the life of any person" comports with the definition elements "the use, attempted use, or threatened use of physical force against the person or property". [3] *See United States v. Taylor*, 2016 WL 3346543, at *2 (citing *Royal*, 141 F.3d at 602).

Accordingly, Cosner's sentence will not be vacated because the residual clause of §924(c)(3)(B) is not unconstitutionally vague, and his underlying offense qualifies as a crime of violence under the elements clause §924(c)(3)(A).

*Discussion and Analysis: Sentencing Guidelines §4B1.1 and 1.2*

Cosner's objection to the application of Sentencing Guideline §4B1.1 is based on an outdated version of the guidelines. After the *Johnson* decision, and after Cosner was convicted, the sentencing guidelines were amended and the now disputed residual clause was replaced.[4] This Court applies the version of the guidelines in effect on the date of sentencing unless doing so would violate the *ex post facto* clause in Article I, §9 of the United States Constitution. 18 U.S.C. § 3553(a)(4)(A)(ii); *Peugh v. United States*, — U.S. —, 133 S. Ct. 2072, 2081, 186 L. Ed. 2d 84 (2013) (holding that there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense). The amendment to the guidelines relevant here did not alter the sentencing range.[5]

---

[3] The jury instructions and verdict in this case contain these specific elements.
[4] Cosner was convicted on March 30, 2016. The guideline amendment went into effect on August 1, 2016. The Court also notes that robbery is an enumerated offense under the current guidelines. *See* U.S.S.G. §4B1.2(1)(2).
[5] Because the issue of whether the *ex post facto* clause is implicated in this matter was only briefly raised at the hearing on September 15, 2016 the Court's ruling here should not impair the parties' ability to raise this issue at sentencing.

Even if this were not the case, the Fifth Circuit has clearly stated that *Johnson* did not address sentencing guidelines §4B1.1 and §4B1.2. *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016); *United States v. Jeffries*, No. 14-51250, 2016 WL 3895247, at *1 (5th Cir. July 18, 2016).

Assuming, for purposes of argument that the *Johnson* decision did extend to the residual clause definition contained in §4B1.2(a)(2), Cosner's conviction for armed bank robbery qualifies as a crime of violence under the unchallenged elements clause §4B1.2(a)(1).

Circuit precedent indicates that Cosner's underlying offense conviction under §2113(a) and (d) qualifies as a crime of violence under the elements clause, §924(c)(A). *See United States v. Taylor*, No. CV H-16-1699, 2016 WL 3346543, at *2 (S.D. Tex. June 16, 2016) (citing *Royal*, 141 F.3d at 602. It follows that armed bank robbery also qualifies as a crime of violence under the identically worded elements clause of §4B1.2(a)(1).

In addition, following the same categorical approach outlined above the Court notes that the requisite element of physical force is contained in both the statute Cosner was convicted under and in the guideline elements clause. *Beckworth* 2016 WL 4203510, at *3–4 ; *Schofield*, 802 F.3d at 727–28. The relevant elements of 18 U.S.C. §2331 are "whoever, by force and violence, or by intimidation," and "assaults any person, or puts in jeopardy the life of any person. . . ." The relevant elements clause U.S.S.G. 4B1.2(a)(1) states "has as an element the use, attempted use, or threatened use of physical force against the person of another. . . ."

Finally, the Court notes that the United States Supreme Court recently granted certiorari in *Beckles v. United States* 2016 WL 1029080, No. 15-8544 (June 27, 2016). This case may resolve, *inter alia*, the question of whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. §4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review. Under the above analyses, the Supreme Court's decision

in *Beckles* will not impact Cosner's case. Cosner's underlying offense qualifies as a crime of violence under the revised version of the guidelines now in effect. Cosner's underlying offense also qualifies as a crime of violence under the elements clause of §4B1.2(a)(1) which was altered in the recent guidelines revisions.

Accordingly, Sentencing Guideline of §4B1.1 applies in Cosner's case because the revised guidelines in force at this time are not subject to a constitutional challenge under *Johnson*, and his underlying offense qualifies as a crime of violence under the elements clause §4B1.2(a)(1).

*Conclusion*

Although the Court acknowledges that the *Johnson* decision created some questions among district courts as to the extent of its applicability to similarly worded statutes and guidelines, the Fifth Circuit has clearly stated that *Johnson* does not extend to §924(c) or sentencing guidelines §4B1.1 and §4B1.2. *See In re Fields*, 826 F.3d at; *Gonzalez-Longoria*, 2016 WL 4169127, at *1; *see also In re Arnick*, 826 F.3d at; *United States v. Jeffries*, 2016 WL 3895247, at *1.

More broadly, this Court is not aware of any Fifth Circuit cases endorsing the extension of *Johnson* in any context beyond the specifically enumerated sections of the Armed Career Criminals Act.

Even if the *Johnson* decision did extend to the residual clause definition contained in §924(c)(3)(B), Cosner's conviction for armed bank robbery qualifies as a crime of violence under the unchallenged elements clause §924(c)(3)(A). Therefore, regardless of the applicability of the *Johnson* decision, Cosner's conviction for brandishing a firearm in relation to a crime of violence under §924(c) stands.

Cosner's objection to the application of the sentencing guideline §4B1.1 is based on an outdated version of the guidelines and is therefore moot. Even if this were not the case, and the *Johnson* decision did extend to the residual clause definition contained in §4B1.2(a)(2), Cosner's conviction for armed bank robbery qualifies as a crime of violence under the unchallenged elements clause §4B1.2(a)(1).

The relief requested in Cosner's Motion to Set Aside the Verdict [40] is DENIED.

SO ORDERED on this the 20th day of September 2016.

    /s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE