IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRIS EUGENE COSNER**                                                        **MOVANT**

**v.**                                                           **No. 1:15CR96-SA-DAS**

**UNITED STATES OF AMERICA**                                       **RESPONDENT**

**ORDER *GRANTING* MOTION [75] TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

This matter comes before the court on the motion [75] by Chris Cosner to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mr. Cosner argues that his counsel did not inform him of his right to seek a petition for writ of *certiorari* with the United States Supreme Court after the Fifth Circuit Court of Appeals affirmed his conviction and sentence. The government has investigated this claim and concluded that "there is no proof that Cosner was advised of his right to file a petition requesting *certiorari*." Doc. 82 at 1.

Fifth Circuit authority requires that "promptly after the court of appeals decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court." *See* CJA Plan, §6, ¶ 4; *United States v. Johnson*, 308 F. App'x 768 (5th Cir. 2009). The Fifth Circuit has granted relief on § 2255 claims alleging that appellate counsel did not advise a defendant of his right to seek certiorari from the Supreme Court. *Lacaze v. United States*, 457 F.2d 1075, 1076 (5th Cir. 1972); *Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir. 1979). In *Johnson*, the Fifth Circuit set forth the appropriate procedure where a defendant was not advised in writing of this right:

> In light of the district court's determination that Thompson did not inform Johnson in writing of his right to seek Supreme Court review, we recall our mandate in Johnson's direct criminal appeal, cited above, and direct issuance of a new mandate affirming our prior affirmance of the judgment of conviction. Johnson is hereby advised of his renewed right to petition the Supreme Court for certiorari to review this court's

affirmance of his direct appeal. Since Johnson has proceeded without counsel in this in forma pauperis appeal, we also order appointment of counsel to assist him in the prosecution of his petition for certiorari.

*Johnson,* 308 F. App'x at 768.   Under this authority, Mr. Cosner should be permitted to seek a new affirmance of his direct appeal so that he may have the opportunity to seek a writ of *certiorari* with the United States Supreme Court.

For the reasons set forth above, the instant motion [75] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is, therefore, **GRANTED**.   As the relief Mr. Cosner seeks is beyond the power of this court to provide – and is available only in the appellate court – the Clerk of the Court is **DIRECTED** to **TRANSFER** this case to the Fifth Circuit Court of Appeals.   The Magistrate Judge in this case is **ORDERED** to appoint counsel for Mr. Cosner to assist him in the prosecution of the petition for writ of *certiorari*.

In light of this ruling, Mr. Cosner's motion [77] to exceed briefing page limitation and his motion [79] to amend the instant § 2255 motion are **GRANTED**.   His motion [83] for default judgment is **DISMISSED** as moot.

**SO ORDERED**, this, the 12th day of June, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE